UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
RECEIVED
USDC. CLERK, CHARLESTON, SC
2009 OCT -1 A 11: 56

| | | |
|---|---|---|
| Donniel Woods, #272800 | ) | C/A No. 9:09-2231-TLW-BM |
| Plaintiff, | ) | |
| | ) | Report and Recommendation |
| vs. | ) | |
| Amy A. Land; Marsha Nelson; Laura Mills; and Barbara Proctor, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants Amy A. Land, the prosecutor at Plaintiff's criminal trial; Marsha Nelson, the nurse who performed the rape kit that helped convict Plaintiff; and Laura Mills and Barbara Proctor, employees of the South Carolina Law Enforcement Division (SLED) and the Clarendon County Courthouse, respectively, who handled the evidence used to prosecute Plaintiff. This case is subject to summary dismissal as Plaintiff fails to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.



§ 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. at 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978); *Hughes v. Rowe*, 449 U.S. at 5. Even when considered under this less stringent standard, however, the *pro se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

## Discussion

Plaintiff alleges that the Defendant Land, the assistant solicitor who prosecuted his case, proffered false evidence at his trial for first degree criminal sexual conduct, kidnaping and strong arm robbery. Complaint at 3, Attachment to Complaint at 8. He alleges that Defendant Nelson, a nurse at Clarendon Memorial Hospital, did not follow SLED protocol when administering the rape kit. Complaint at 3. He names Defendant Mills, a forensic scientist at SLED, and Defendant Proctor, in connection with a chain of evidence issue that is not completely clear from the language of the complaint. Complaint at 4. The complaint alleges that these four individuals conspired to obstruct justice at his criminal trial, and requests the criminal prosecution of these defendants: "[t]he District Court should understand that the Plaintiff Donniel Woods only seeks Justice in this matter and his desire is that each Defendant be prosecuted for the crimes committed herein." Complaint at 5. In an amended complaint, Plaintiff has also requested monetary damages.

Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); see *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)(applying *Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Oklahoma State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993)("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (S.D. Miss. 1987)("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice"). Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In



3

*Leeke*, inmates who were allegedly beaten by prison guards sought criminal arrest warrants against the guards. The inmates presented sworn statements to a state magistrate, but the state magistrate, upon a Solicitor's request, declined to issue the warrants. The Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and again ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See Leeke* at 86-87; *see also In re Appointment of Independent Counsel*, 766 F.2d 70, 74-76 (2d Cir. 1985); *Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 378-83 (2d Cir. 1973). Therefore, Plaintiff is not entitled to the criminal prosecution of the Defendants.

Additionally, the § 1983 complaint is subject to summary dismissal because it fails to state a claim on which relief may be granted and has no arguable basis in law. The Supreme Court has held that in order to recover damages for imprisonment in violation of the constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement.); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995)(action challenging validity of parole proceedings calls into question fact of confinement and thus is subject to *Heck*).



4

Plaintiff herein challenges evidence used at his criminal trial, thereby calling the validity of his conviction into question, as a favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. *Heck v. Humphrey*, 512 U.S. at 487. Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement, and until Plaintiff's imprisonment is established as unlawful, an action under 28 U.S.C. § 1983 based on the imprisonment will be barred by the holding in Heck. *See also Schilling v. White*, 58 F.2d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist).[1] Therefore, the complaint *sub judice* is frivolous because it lacks an arguable basis in law. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The complaint also fails to state a claim on which relief may be granted.

## Recommendation

Under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(i) and (ii), the complaint may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Accordingly, it is recommended that the Court dismiss the complaint and the amended complaint in the above-captioned case without prejudice and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[1]Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).



5

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
U.S. Magistrate Judge

September 30, 2009

Charleston, SC

pb

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

